# City of Pittsburgh *against* Young.

# Deel *against* The City of Pittsburgh.

A by-law or ordinance of a city corporation cannot give jurisdiction to the mayor and aldermen, which they would not otherwise have. And in case of an appeal to the common pleas, that court did not err in quashing it: and this court will quash the proceedings when brought before it.

IN pursuance of an ordinance of the city of Pittsburgh, inflicting a penalty for forestalling upon information to M. M. Murry, Esq., mayor of the city, William Deel was convicted and sentenced to pay

[Pittsburgh v. Young.   Deel v. Pittsburgh.]

a penalty of 20 dollars.  And James Young, under another ordinance, was convicted of a similar offence and sentenced to pay a penalty of 20 dollars.  Deel took out a *certiorari* and removed the proceeding to this court.  Young appealed to the common pleas, and that court quashed the appeal on the ground that the magistrate had no jurisdiction, and the proceeding was void.  And the plaintiff took a writ of error.  Both cases came on to be heard, and were argued by

*Forward*, for city of Pittsburgh.
*Fetterman*, contra.

PER CURIAM.—The principle involved by these two cases was settled in Barter *v.* The Commonwealth, 3 *Penns. Rep.* 253.  The by-law, therefore, gave the alderman no jurisdiction; but the court did not err in quashing the appeal without quashing the proceedings, which, being void, required no act to make them a nullity.  Even were they but voidable, the remedy would not be by appeal, but by *certiorari.*  If for defect of appellate jurisdiction, the appeal may not be entertained, the court is to say so, and no more.  In the other case which is brought before us by a *certiorari*, directed immediately to the alderman, the proceedings, though void already, are to be quashed, because to affirm them might be supposed to give them an effect to which they are not entitled; and in practice it is not unusual to quash for want of jurisdiction.

Judgment in each case accordingly.